## 2995. COOK *v.* THE STATE.

There was no material variance between the allegations of the indictment and the proof in support of the allegations; and the evidence, under the law, demanded a conviction.

DECIDED JANUARY 17, 1911.

Indictment for embezzlement; from Fulton superior court-- Judge Roan. September 29, 1910.

*J. F. Golightly, John B. Suttles,* for plaintiff in error.

*H. M. Dorsey, solicitor-general, D. K. Johnston, Walter McElreath,* contra.

HILL, C. J. Cook was convicted of embezzlement, under the following indictment (omitting the formal parts) : "Being then and there in the employ of 'State Council of Georgia, Junior Order of United American Mechanics', a corporation and corporate body under the laws of Georgia, as financial secretary of said corporation, he, the said C. W. Cook, did, by virtue of his office and employment as such financial secretary, have in his custody and control, and had access to the money of said corporation, did of the money of said corporation embezzle, steal, and secrete, and wrong-fully and fraudulently take, steal, and carry away, with intent to steal the same, seven hundred and twenty-five dollars in money, of the value of seven hundred and twenty-five dollars, and the property of said 'State Council of Georgia, Junior Order of United American Mechanics,' " etc. His writ of error challenges the legality of his conviction, on the general ground that there was a fatal variance between the allegata and the probata; this objection being raised by requests to charge, objections to the charge as given, and a consideration of the evidence. The specific objections are as follows: (1) That the indictment charges that the defendant was the "financial secretary" in the employ of "State Council of Georgia, Junior Order of United American Mechanics," while the evidence indisputably shows that he was not financial secretary of the corporation named in the indictment, but was "financial secretary of Enterprise Council No. 1, Junior Order of United American Mechanics." (2) That the indictment alleges that the money which the defendant was charged with embezzling was the property of the "State Council of Georgia, Junior Order of United American Mechanics," when the evidence showed that it was not the property of the corporation mentioned, but was the property of "Enterprise Council No. 1, Junior Order of United American Mechanics." (3) That the money alleged to have been embezzled was, at the time of the alleged embezzlement, in the possession of "Enterprise Council No. 1, Junior Order of United American Mechanics" and had never been paid over to, or had never come into the possession of, the "State Council of Georgia, Junior Order of United American Mechanics." (4) That neither the "State Council of Georgia, Junior Order of United American Mechanics," nor "Enterprise Council, No. 1, Junior Order of United American Mechanics," was a corporation of the State of Georgia, and, there-

fore, the defendant could not be legally convicted of the offense of embezzlement, as, under the statute creating the offense of embezzlement in this State, only an officer or agent of a corporation of this State could commit this offense.

The evidence, substantially stated, illustrating the various points thus raised, is as follows: The above-named order was of a benevolent character, having no capital stock, its purposes being "to maintain and promote the interests of Americans," "to assist them in obtaining employment and to encourage them in business," to afford relief to members thereof and to defray the expenses of their funerals, to alleviate distress among the members, and to promote and maintain a National Orphans' Home, to uphold the American school system, to prevent interference therewith, and to encourage the reading of the Holy Bible in the schools thereof, etc. Of this order there was what was known as a National Council, denominated the "Junior Order of United American Mechanics of the United States," this National Council being located at Philadelphia, Pa. Subordinate to this National Council, and operating under a warrant of charter from the National Council, there was a body known as the "State Council of Georgia, Junior Order of United American Mechanics," and there were similar bodies in other States. Then there were "councils" subordinate to the State Council, located at different points in the State, operating by authority granted to them both by the State Council and the National Council, and having different distinguishing names, the name of the subordinate council in the present case being "Enterprise Council No. 1, Junior Order of United American Mechanics." The purposes of the order are accomplished by an annual tax assessed upon the members thereof, and each subordinate or local council collects the assessments from its members and turns over the money so collected through its proper officer to the State Council of the State in which it is situated. This settlement by the subordinate lodges is made to the State Council quarterly. A certain proportion of the amount so collected is turned over to the State Council, while another proportion is retained by the subordinate council for the purpose of expenses and benevolence.

The evidence applicable to the particular case now under consideration shows that the corporation designated in the indictment as "State Council of Georgia, Junior Order of United American Me-

chanics," was duly incorporated under the laws of this State by the superior court of Fulton county on September 5, 1905. The petition for incorporation asks that the petitioners shall be incorporated under the name and style of "State Council of Georgia, Junior Order of United American Mechanics;" that the corporation shall have no capital stock and shall not be carried on for pecuniary gain, and shall be formed and carried on solely for the purposes specified, and which are substantially as heretofore set out; that the corporation shall have a representative form of government, and a lodge system with a ritualistic form of work for the meetings of its councils, and "shall consist of a body known as the 'State Council,' and subordinate bodies known as 'Councils;' " that the State Council shall be the supreme legislative body of the corporation, and shall consist of representatives from subordinate councils, etc.; and that the revenue of the corporation shall be obtained from such dues, initiation fees, donations, assessments, etc., as may be provided by the constitution and by-laws; that this State Council shall have the right to contribute to the National Council of the order, and to provide a fund in each subordinate council for the purpose of carrying out the objects and purposes of the order. The evidence further shows that there were a good many subordinate or local councils operating under authority of the State Council, located in different cities and towns of the State, and that Enterprise Council No. 1 was one of these local, subordinate councils. The defendant, Cook, was called the "financial secretary" of this local council, and, as such financial secretary, it was his duty to collect the assessments made against the individual members of the subordinate or local council, and turn the money so collected over to the treasurer of the local council, who in turn was to settle quarterly with the proper officer of the State Council. The testimony shows that under the constitution and by-laws adopted by the State Council, all the officers of each local or subordinate council, although elected by the local council, are subject to the State Council and report to the State Council. In the language of the treasurer of the Enterprise Council No. 1, "Our officers [referring to the local council] are under the State Council, but our officers are elected by our council. Our officers always report to the State Council. Our council meets and elects its officers, and then the State Council meets and elects its officers. We report once a

quarter to the State Council for everything that has been collected and disbursed. Yes, we use some of the money in our council. We pay sick benefits with it. There is a certain amount due the State Council once a quarter, but that depends upon our membership as to how much it is. Mr. Cook, the defendant, never was financial secretary of the State Council. He was financial secretary of Enterprise Council No. 1. Mr. Cook, as such financial secretary, collected the dues and assessments, etc., from the members of the local council, and settled with me as treasurer every Tuesday evening and took my receipt for everything he paid me, and Mr. Cook, as financial secretary, kept the books showing such receipts and settlements. The State secretary of the Junior Order of United American Mechanics testified, that the financial secretary of Enterprise Council No. 1 would turn over the money collected by him to the secretary of such local council, who in turn would turn the money over to him as State secretary. "I am the State secretary, whose business it is to receive that money. This Enterprise Council No. 1 is a part of this corporation, the State Council of Georgia. It has no separate existence as a corporation. The council (meaning the local council) is authorized by the State Council to work as our charter gives permission. The subordinate lodge has no separate charter, but simply works under a warrant, sometimes called a charter." This is in brief a statement of the character of the different councils, and of the one in which they conducted business, in their different spheres.

The evidence clearly shows (indeed it was not denied) that, as financial secretary, the defendant had collected the amount of money set out in the indictment, or at least a large part thereof, and had failed to turn any of it over to the treasurer of the local council as he was required to do, and the fraudulent conversion by him of that money which came into his hands as financial secretary of the local council was clearly established. In other words, his moral guilt is admitted, but his legal guilt, for the technical reasons above set out, is denied. We think that under the evidence there is no material variance between the allegata and the probata on any of the grounds relied upon by the plaintiff in error. Section 188 of the Penal Code of 1895 provides, that "any officer, servant or other person employed in any department, station, or office in any bank, or other corporate body in this State, or any

president, director, or stockholder of any bank or other corporate body in this State, who shall embezzle, steal, secrete, take or carry away any money," etc., shall be punished, etc.    The defendant was the financial secretary of Enterprise Council No. 1.    This local council was a subordinate council of the State Council.    It was created by the State Council under authority granted to it by its charter.    It was simply a branch of the State Council, organized to carry into effect the benevolent purposes of the State Council, as authorized under its act of incorporation.    As financial secretary of this subordinate council the defendant was charged with the duty of collecting the dues and assessments made by the State Council against each one of the individual members of his local council, and of turning this money over to the treasurer of his local council for the purpose of having it paid over, according to the by-laws, to the State Council.    The money collected by him from the individual members of the local council came into his possession by reason of his office of trust, which trust was created by authority of the State Council.    It seems clear that although called by different names, the officers of the local council were also officers, in a sense, of the State Council.    It seems to us clear that the financial secretary employed by the local council, which was subordinate to the State Council, and which was operated as a branch of the State Council, under its authority and by its direction, was simply a person employed "in a department station, or office" of the State Council.    We think it immaterial that the defendant was called in the indictment the financial secretary of the State Council.    The facts show that he was both an officer of the State Council and an officer of the local council, entrusted in his dual capacity with authority by both to collect money from the members of both State Council and subordinate council, and apply it for the use and benefit of both State and local council.

We think also that the allegation in the indictment that the money alleged to have been embezzled was the property of the State Council was substantially proved as alleged.    The undisputed evidence shows, that the dues and assessments were fixed by the State Council; that these dues and assessments were collected through the officers of the local council, and a portion of the amount so collected was to be paid over quarterly to the State Council, and a portion retained by the local council solely for the purpose of ap-

plying it to the benevolent purposes and objects authorized by the charter of the State Council. It is immaterial that a portion of the money so collected may have belonged in one sense to the local council, and the other portion to the State Council. The evidence shows that certainly some part of it belonged to the State Council, and we are inclined to think that for the purposes of this indictment the whole of it may be considered as the property of the State Council.

We think also that the allegation in the indictment that the corporation was a corporate body of this State was proved. Enterprise Council No. 1 was simply a local branch of the State Council, which latter council was duly incorporated under the laws of this State and was duly authorized to establish such branch council. The local branch was operating solely under the franchises granted to the State Council by the superior court of Fulton county. We think the decision of the Supreme Court in the case of *Cory* v. *State,* 55 *Ga.* 237, relied upon by plaintiff in error to show that the defendant was not an officer of any corporation of this State, and therefore was not indictable for the offense of embezzlement, does not support his contention. The court in that decision holds that a branch office of the Freedman's Saving and Trust Company, incorporated by an act of Congress, and located in the city of Washington, is not "a bank or corporate body in this State," within the meaning of the code section cited, supra (Penal Code of 1895, § 188), and that a person, as a cashier of such company in Atlanta, Georgia, *no law of the United States or of this State having authorized the establishment of a branch in Georgia,* can not be convicted of the crime of embezzlement under said section. Here the local council was established and operated as a branch or subordinate council of the State Council, which was incorporated under the laws of Georgia. It certainly can not be seriously contended that the local or subordinate council, which owes its existence entirely to the parent order, to wit, the State Council, and which exercises its function solely by reason of the fact that it does exist as a part of the State Council, exercises its functions without authority of the State and without the sanction of any State law.

Another contention of learned counsel for the plaintiff in error is that the money alleged to have been embezzled was shown by the evidence to have been in the exclusive possession of the local coun-

cil, and had never been paid over to the State Council, and was therefore not the subject-matter of embezzlement. It is not necessary, in order to constitute the crime of embezzlement, that the money embezzled should have been put into the hands or possession of the corporation from which it is charged to have been embezzled. If it comes into the possession of an officer, servant, or employee of such corporation, by virtue of his office, and he does not pay it into the corporation, but fraudulently converts it to his own use, he is guilty of embezzlement. Indeed, one of the very purposes of the statute creating the offense of embezzlement is to protect the money of corporations from being stolen by their officers while in the hands of such officers and before it has been paid to the corporation. If the persons designated in the statute fraudulently convert the money that comes into their hands by virtue of their offices, and do not pay it into the corporation as required by their official positions, they are guilty of the offense either of embezzlement or of larceny after trust, as the case may be under the facts. But so far as this point is concerned, when the money comes into the hands of the officer whose duty it is to collect it, it is clearly in the possession of the corporation itself. The element of trust in these cases distinguishes them from the ordinary case of larceny.

The evidence clearly showing that the defendant, as a trusted officer of the subordinate or local branch of the State Council, fraudulently converted the money set out in the indictment, which had come into his hands by reason of his position of trust, his conviction was demanded, and we do not think that any of the technical objections to the legality of the conviction are of sufficient importance to require the grant of another trial.

*Judgment affirmed.*